IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT MATTHEW WITTAL,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD J. CORRIGAN; JOHN DONOVAN; ANDREW CLEGG; PEG ALLISON; and JOSH BULS,<br><br>Defendants. | Cause No. CV 19-97-M-DLC-JCL<br><br>ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

Plaintiff Wittal filed this action on June 10, 2019. He is a state prisoner proceeding *pro se*.

**I. Motion to Seal**

Wittal moved to seal the complaint and case. He stated that "[m]uch of the information in this case is sensitive," such as social security numbers. Mot. to Seal (Doc. 3) at 1. The motion was granted to the extent that Wittal was given an opportunity to file redacted documents. *See* Text Order (Doc. 7). In response, Wittal acknowledged that his pleadings do not contain any information that is sensitive. He asks that the case be sealed because he anticipates sensitive information will be produced in discovery. *See* Resp. to Order (Doc. 8). The Court will construe his response as a second motion to seal the case.

1

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v., Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), *quoted in Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); D. Mont. L.R. 1.3(b).  The documents Wittal has filed to date do not include information that has traditionally been protected from public disclosure.  Even if they did, sealing the entire case would be unwarranted.  The motion to seal will be denied.

Should it become necessary for Wittal to file documents containing his social security number or other information that is generally protected from public disclosure, he may redact the document to protect the specific sensitive information.  *See, e.g.*, Federal Rule of Civil Procedure 5.2(a); Compl. (Doc. 2) at 1 ("Notice").  The case will not be sealed.  The clerk will be directed to make all filings to date available to remote public access.

## II.  Motion to Proceed In Forma Pauperis

Wittal moves to proceed without paying the filing fee and other waivable costs that may be involved in the action.  His motion and inmate trust account statement demonstrate that he is unable to pay the full filing fee in a lump sum.  See Mot. (Doc. 1) at 2 ¶ 6, 3 ¶ 11; Inmate Trust Account Statement (Doc. 1-1) at 1–6.  His motion will be granted.

The Court will waive the initial partial filing fee.  Nonetheless, Wittal must

pay the filing fee. *See* 28 U.S.C. § 1915(b); Compl. (Doc. 2) at 2 ¶ 3. A collection order accompanies this Order.

### III. Screening

Because Wittal is a prisoner and is proceeding in forma pauperis, the Court must review his complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A; *see also* Compl. (Doc. 2) at 2 ¶ 4. Wittal is also self-represented. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted).

Wittal indicates that law enforcement authorities in Flathead County requested and received from the Army certain sensitive information, including his social security number, birth certificate, and confidential military records. *See* 5 U.S.C. § 552a(b)(7), (c)(3). He also indicates the agency that produced the information noted "no public release of this record or the information contained therein is authorized." *See* Compl. App. B (Doc. 2-1) at 4.

Wittal contends that the defendants—individuals involved in the prosecution and filing of criminal actions in Flathead County—violated his rights under federal law by obtaining and disclosing this sensitive personal information to others. *See*

3

Compl. App. B (Doc. 2-1) at 2–4. He asserts the Court has jurisdiction under 42 U.S.C. § 1983 and avers that his cause of action arises under the Privacy Act of 1974, 5 U.S.C. § 552a, as well as regulations promulgated under the Act, 45 C.F.R. Part 5b. *See* Compl. (Doc. 2) at 5 ¶ II, 6 ¶ III(A)(1).

The Privacy Act creates a private right of action to provide relief to persons harmed by its violation. *See* 5 U.S.C. § 552a(g)(1). But the remedy it provides is "specifically limited to actions against agencies of the United States Government. The civil remedy provisions of the statute do not apply against private individuals, state agencies, private entities, or state and local officials." *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985) (internal citations omitted) (citing, *inter alia*, *Polchowski v. Gorris*, 714 F.2d 749, 752 (7th Cir. 1983)), *cited in Probert v. Kalamarides*, No. 12-35251, 528 Fed. Appx. 741, 742 (9th Cir. June 17, 2013).

Further, "a private plaintiff may not maintain an action against a state official—either in her official or her individual capacity—under § 1983 to remedy alleged violations of . . . the Privacy Act." *Dittman v. California*, 191 F.3d 1020, 1029 (9th Cir. 1999) (following *Polchowski*). *Dittman* has been criticized for assuming that actions under § 7 of the Act should be treated the same as actions under § 3, that is, under 5 U.S.C. § 552a. *See Schwier v. Cox*, 340 F.3d 1284, 1289 (11th Cir. 2003); *see also* Pub. L. No. 93-579, §§ 3, 7, 88 Stat. 1896 (Dec. 31,

1974).  But this debate cannot help Wittal.  His action arises under § 3 of the Privacy Act, not § 7.  Even if the Ninth Circuit revisited *Dittman* with respect to § 7, there is no reason to suppose it would also revisit *Unt* or decide not to follow *Polchowski*.

Wittal's complaint supports an inference that his sensitive information was disclosed to his detriment.  *See* Wittal Aff. (Doc. 2-2) at 1 (stating that co-defendant and other inmates were "giving away Photocopies of my social security card . . . to the other inmates they were housed with.").  But, even with liberal construction of Wittal's pleading, the Court cannot contravene circuit precedent or force Congress to provide a remedy for every wrong.  As the *Dittman* court summarized:

> [B]y limiting the scope of the Privacy Act's civil remedy provision, 5 U.S.C. § 552a(g), Congress clearly intended to foreclose private enforcement against any entity other than federal agencies. Admittedly, this reasoning leaves individuals, such as Plaintiff, without a means of enforcing [the Act] against state and local officials.  However, were we to hold that Plaintiff could pursue a Privacy Act claim under § 1983, we would circumvent the intent of Congress that the rights secured by the Privacy Act be enforceable only against federal agencies.

*Dittman*, 191 F.3d at 1029 (internal quotation marks and emphasis omitted).

Federal law does not support Wittal's claim against the defendants.  The complaint should be dismissed for failure to state a claim on which relief may be granted.  The docket should reflect that Wittal's filing of this action counts as one

strike against him. *See* 28 U.S.C. § 1915(g); Compl. (Doc. 2) at 3 ¶ 5.

Based on the foregoing, the Court enters the following:

## ORDER

1. Wittal's response (Doc. 8) to the Court's Order of June 12, construed as a second motion to seal the case, is DENIED. The clerk shall open the case to remote public access.

2. Wittal's motion to proceed in forma pauperis (Doc. 1) is GRANTED. The clerk shall amend the docket text corresponding to the complaint to show that it is filed. The initial partial filing fee is waived.

The Court also enters the following:

## RECOMMENDATION

1. Wittal's complaint (Docs. 2, 2-1, 2-2) should be DISMISSED for failure to state a claim on which relief may be granted.

2. The clerk should be directed to enter, by separate document, a judgment of dismissal.

3. The docket of the case should reflect that Wittal's filing of this action counts as one strike against him. *See* 28 U.S.C. § 1915(g).

4. The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that an appeal would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Wittal may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1).[1]  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Wittal must immediately advise the Court of any change in his mailing address.  Failure to do so may result in dismissal of this action without notice to him.

DATED this 25th day of June, 2019.

                                                    */s/ Jeremiah C. Lynch*
                                                    Jeremiah C. Lynch
                                                    United States Magistrate Judge

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served."  Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.