SEP 23 2019
Clerk, U.S. Courts
District of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT MATTHEW WITTAL, <br><br> Plaintiff, <br><br> vs. <br><br> EDWARD J. CORRIGAN; JOHN DONOVAN; ANDREW CLEGG; PEG ALLISON; and JOSH BULS, <br><br> Defendants. | CV 19–97–M–DLC–KLD <br><br><br> ORDER |

On June 25, 2019 United States Magistrate Judge Jeremiah C. Lynch entered his Order and Findings and Recommendation recommending that Montana State Prisoner Robert Matthew Wittal's ("Wittal") Complaint be dismissed with prejudice for failing to state a claim upon which relief may be granted. (Doc. 2.) Wittal timely objects and so is entitled to de novo review of those findings to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings to which no party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

1

## DISCUSSION

Wittal raises two objections to the Findings and Recommendation. First, he objects that his motion to proceed in forma pauperis was granted. He also objects to the Court's Collection Order. (Doc. 10.) Wittal believes his motion to proceed in forma pauperis should not have been granted without first making it "before a district judge." (Doc. 11.) Wittal is operating under the mistaken belief that if his complaint did not survive screening, his motion to proceed in forma pauperis would be denied. His objection to the Court's Collection Order stems from a similar confusion.

Concurrently with filing his Complaint, Wittal moved the Court to grant him leave to proceed in forma pauperis. (Doc. 1.) Wittal's application explained that:

> (Prisoners Only): I understand that if I am granted permission to proceed in forma pauperis I still must pay the full filing fee and the Court will collect, when funds exist, a partial filing fee and/or monthly payments of 20% of the preceding month's income credited to my prison/jail account as set forth in 28 U.S.C. § 1915(b).

(*Id.* at 5.) Wittal then signed this form indicated that he understood its provisions. (*Id.* at 6.)

Accompanying Wittal's Complaint, he signed a prepared filing form that included a set of instructions. (Doc. 2 at 2.) Instruction two informed Wittal that "[t]he filing fee for a complaint is $350.00 plus a $50.00 administrative fee for a

2

total of $400.00. This amount is set by Congress and cannot be changed by the Court." (*Id.*) Additionally, instruction three informed him that:

> If you are unable to prepay the entire filing fee and service costs for this action, you may file a motion to proceed in forma pauperis. If you are a prisoner and your motion to proceed in forma pauperis is granted, the Court will assess an initial partial filing fee equal to 20% of the average monthly deposits to your prison account for the six months immediately preceding the filing of the action, or 20% of the average monthly balance in your prison account for the same six-month period, whichever is greater . . . . You will be required to continue making these payments even if you [sic] complaint is dismissed.

(*Id.*) Wittal then signed this document as well. (*Id.* at 9.) The instructions also informed Wittal that as a result of requesting to proceed in forma pauperis, his claim would be screened by the Court. (*Id.* at 3.)

Consistent with these instructions, Judge Lynch granted Wittal's request to proceed in forma pauperis and then sent a Collection Order to Wittal at the prison. (Doc. 9 at 2.) As for the screening, Judge Lynch determined that Wittal's claims against various individuals at the Flathead County Sherriff's Department for violating his rights under the Privacy Act by disclosing sensitive personal information did not give rise to a cognizable legal claim. (Doc. 9 at 3–6.)

Despite Wittal's objections, the procedure followed in his case was correct. The purpose of in forma pauperis is to allow a claim to proceed without prepayment of the initial filing fee upon a determination that the

3

claimant lacks the financial ability to pay. 28 U.S.C. § 1915(a)(1). However, a prisoner deemed eligible does not escape payment entirely. *Id.* § 1915(b)(1). As a result of the Prison Litigation Reform Act, prisoners are still required to pay the full filing fee, but for those prisoners who are granted in forma pauperis status, the court may assess and collect fees "when funds exist" as described by statute. *Id.*; *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Additionally, Wittal's concern that his claim failed before reaching an Article III judge is without merit. This Court reviews all dispositive findings and recommendations issued by a magistrate judge. 28 U.S.C. § 636(b)(1)(C). Finally, Wittal's objection to the Collection Order is without merit. Wittal was informed at the time he filed his claim that he would be required to pay the full filing fee regardless of his claim's success.

Turning to the merits of Wittal's claim, the Court concludes that Judge Lynch did not clearly err in determining that Wittal has failed to state a claim upon which relief may be granted. The Privacy Act creates no private right of action against a state official and Wittal alleges a violation against a state entity. *Dittman v. California*, 191 F.3d 1020, 1029 (9th Cir. 1999). Wittal's claim is dismissed.

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 9) is ADOPTED in full.

1. Wittal's Complaint (Doc. 2) is DISMISSED for failure to state a claim on which relief may be granted.

2. The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

3. The docket of the case should reflect that Wittal's filing of this action counts as one strike against him. *See* 28 U.S.C. § 1915(g).

4. The Court CERTIFIES, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that an appeal would not be taken in good faith.

DATED this 23rd day of September, 2019.

*[signature]*
Dana L. Christensen, Chief Judge
United States District Court